UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 8:18-cr-319-CEH-SPF

CESAR HERNANDEZ-
RODRIGUEZ

## ORDER

This matter comes before the Court on Defendant Cesar Hernandez-Rodriguez's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 47), the Government's response in opposition (Doc. 52), and Hernandez-Rodriguez's reply (Doc. 56). In the motion, Hernandez-Rodriguez seeks a reduction in his sentence to time served because of the COVID-19 pandemic, his medical conditions, and circumstances at his former prison facility.

Upon full consideration and review, the Court concludes the motion is due to be denied.

## Background

On January 24, 2019, Hernandez-Rodriguez was sentenced to a term of 115 months' imprisonment upon his plea of guilty to possession with intent to distribute 100 kilograms or more of marijuana. Doc. 41 at 1-2. Now 54 years old, he is incarcerated at FCI Yazoo City.

In his motion, initially filed *pro se*, Hernandez-Rodriguez seeks a reduction in his sentence to time served pursuant to the compassionate release provision of 18

U.S.C. § 3582(c)(1)(A)(i), with or without home confinement as a condition of supervised release. Doc. 47 at 1, 12-13. He argues that the combination of the COVID-19 pandemic, the conditions of FCI Coleman Low, the prison facility in which he was incarcerated at the time of filing—which he alleges had black mold, was taking inadequate measures to protect incarcerated individuals from contracting COVID-19, and discontinued mental health treatment—and his own medical conditions constitute an extraordinary and compelling reason that warrants compassionate release. *Id.* at 1-2, 5-8. Hernandez-Rodriguez also contends that the conditions at FCI Coleman Low violate the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* at 8-9. Citing decisions by other courts that granted compassionate release for similar reasons, he argues that the risk of catastrophic health consequences that he faces if he remains incarcerated outweigh the sentencing factors under § 3553(a). *Id.* at 9-10. Finally, Hernandez-Rodriguez notes that he has engaged in rehabilitative programming while in prison, including earning his GED. *Id.* at 11; Doc. 48-5. In support of his motion, he submits medical records documenting diagnoses of hyperlipidemia, hypertension, blindness in one eye, and mental health disorders. Doc. 48-2 (Bureau of Prisons records) at, *e.g.*, 7; Docs. 48-3, 48-4 (records from prior primary care physician).

The Government opposes Hernandez-Rodriguez's motion. Doc. 52. It first contends the Bureau of Prisons is taking adequate measures against COVID-19, including reviewing incarcerated individuals for eligibility for home confinement. *Id.* at 4-8. Next, it argues that Hernandez-Rodriguez has not identified extraordinary or

2

compelling reasons that warrant compassionate release, because his medical conditions do not satisfy the Sentencing Guidelines policy statement's criteria set forth in USSG § 1B1.13, cmt. n.1(A), nor do they even place him at an elevated risk of becoming seriously ill from COVID-19. *Id.* at 11-17.  The Government submits additional medical records that include a Medical Duty Status report stating that he requires a lower bunk but has no physical or work limitations. Doc. 52-2 at 30.  In any event, the Government asserts that the sentencing factors under § 3553(a), particularly his criminal history and the seriousness of his offense, outweigh any extraordinary and compelling reason for release. Doc. 52 at 18-22.

In reply, Hernandez-Rodriguez—now represented by counsel—argues that the Government's response fails to take into account the latest interpretations of the law regarding compassionate release, nor the development of the Delta variant, which caused widespread infection throughout the Bureau of Prisons. Doc. 56 at 1-5.  He asserts that his diagnosis of hypertension and the fact that he has multiple comorbidities render him particularly vulnerable to serious consequences from COVID-19. *Id.* at 7-9.  Hernandez-Rodriguez highlights decisions from other district courts and the Second Circuit Court of Appeals concluding that the policy statement's definition of extraordinary and compelling reasons did not bind courts with respect to motions for compassionate release during the COVID-19 pandemic. *Id.* at 10, 12.  Finally, he contends that the § 3553(a) factors do not weigh against granting compassionate release. *Id.* at 14-15.

**Discussion**

As a threshold matter, the Court finds, as the Government concedes, that Hernandez-Rodriguez has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1). Under that provision, a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Hernandez-Rodriguez provided documentation that he submitted a request to the warden of his facility more than 30 days before he filed his motion with this Court. Docs. 48-1 at 2, 47 at 4. The Government therefore concedes, Doc. 52 at 10-11, and the Court agrees, that Hernandez-Rodriguez has satisfied the exhaustion requirement.

However, Hernandez-Rodriguez has not established an extraordinary and compelling reason that warrants compassionate release. Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant must establish that a sentence reduction is warranted. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show either (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and compelling reasons"

that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1. In the Eleventh Circuit, this list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.

Here, Hernandez-Rodriguez is 54 years old and did not become incarcerated until 2019. Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A) and must instead demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A). Hernandez-Rodriguez argues that his medical conditions, coupled with the COVID-19 pandemic and the circumstances at his prison facility, constitute such a reason.

Under the Sentencing Commission's policy statement, an incarcerated individual's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when he is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

Hernandez-Rodriguez has submitted medical records demonstrating that he suffers from hypertension, hyperlipidemia, blindness in one eye, and mental health

conditions. Docs. 48-2, 48-3, 48-4. However, the records do not establish that any of these conditions are serious enough to substantially diminish his ability to care for himself within the prison environment. In contrast, they show that the Bureau of Prisons is treating him for his conditions on an outpatient basis, and that he receives medical treatment when he requests it. *See, e.g.*, Doc. 48-1 at 4. He also has no physical limitations or work restrictions in the prison setting aside from requiring a lower bunk. Doc. 52-2 at 30. Nor is there any evidence to support a finding that Hernandez-Rodriguez's medical conditions are "serious and advanced, with an end of life trajectory." U.S.S.G. § 1B1.13, cmt. n. 1(A); *see United States v. Heromin,* 8:11-cr-550-VMC-SPF, 2019 WL 2411311, *2 (M.D. Fla. June 7, 2019) (Covington, J.) (denying motion for compassionate release due to lack of corroboration from medical provider). Hernandez-Rodriguez has not established that his medical conditions satisfy the strict requirements of the policy statement's definition of an extraordinary and compelling reason that warrants release.

The COVID-19 pandemic also does not permit Hernandez-Rodriguez's release. After the filing of Hernandez-Rodriguez's motion, the Eleventh Circuit held that the COVID-19 pandemic does not allow a district court to deviate from the policy statement's requirements—even where, as Hernandez-Rodriguez alleges here, an incarcerated individual's medical conditions put him at particular risk of serious consequences from contracting COVID-19. *United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (the confluence of defendant's medical conditions and the COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate

release); *see also*, *e.g.*, *United States v. Willhite*, No. 21-10441, 2022 WL 424817, *1-2 (11th Cir. Feb. 11, 2022) (same); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021). The Eleventh Circuit's decisions in *Bryant* and *Giron* are binding on this Court. Accordingly, Hernandez-Rodriguez cannot meet his burden of establishing an extraordinary and compelling reason through the combination of his medical condition and the COVID-19 pandemic.

To the extent that Hernandez-Rodriguez argues that the conditions at FCI Coleman Low, including the existence of black mold and the response to the COVID-19 pandemic, constitute an extraordinary and compelling reason that warrants compassionate release, this argument is moot because he is no longer incarcerated there. The Court interprets his allegation that the prison conditions constituted an Eighth Amendment violation as support, now moot, for his argument that an extraordinary and compelling reason exists. If he instead intended to allege Eighth Amendment violations against the Bureau of Prisons, however, the proper vehicle to do so is a civil action against the Bureau. *See*, *e.g.*, *United States v. McNair*, 3:19-cr-193-BJD-LLL, 2022 WL 562348, *3 (M.D. Fla. Feb. 23, 2022); *United States v. Wallace*, 4:19-cr-19, 2021 WL 203308, *4 n.1 (S.D. Ga. Jan. 20, 2021); *Swindle v. United States*, 7:15-cr-00247-LSC-SGC, 2020 WL 12182762, *1 n.3 (N.D. Ala. Nov. 24, 2020) (each finding that an Eighth Amendment claim was not properly raised in a motion for compassionate release); *see also United States v. Hundley*, 19-cr-20182-RAR, 2020 WL 6826362, *2 (S.D. Fla. Nov. 20, 2020) (explaining that release from custody is not an

7

available remedy to an Eighth Amendment violation; finding that defendant failed to establish deliberate indifference to serious medical needs of incarcerated individuals).

Based upon binding Eleventh Circuit caselaw, Hernandez-Rodriguez has not established an extraordinary and compelling reason that warrants compassionate release. His motion for compassionate release must therefore be denied.[1]

Accordingly, it is **ORDERED**:

1. Defendant Cesar Hernandez-Rodriguez's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 47) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 23, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Because the Court has determined that Hernandez-Rodriguez is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a). *See* Docs. 47 at 9-10, 52 at 18-22, 56 at 14-15.